UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

DANA HENNESSY,                                                                     No. 11-13793

                                    Debtor(s).
_____/

Memorandum on Motion for Hardship Discharge
_____

       Debtor Dana Hennessy filed her Chapter 13 petition October 14, 2011. She proposed a plan which would pay her creditors 100% of their allowed claims. It appears that her filing was motivated primarily by her need to cure a mortgage default on her home. She proposed to pay 100% to her unsecured creditors as well.

       During late 2011 and early 2012, Hennessy obtained orders avoiding three judgment liens totaling about $20,000.00 which had attached to her home. She then made regular payments on her plan until March 20, 2013, when she died. At the time of her death, Hennessy had, through her plan, paid her attorney and most of the arrears on her home. Her unsecured creditors have received nothing.

       The representatives of Hennessy's probate estate have moved the court for entry of her discharge pursuant to § 1328(b) of the Bankruptcy Code, which permits the court to grant a discharge to a debtor who has not completed payments under a plan if the debtor's failure to complete the payments is due to circumstances for which the debtor is not accountable, the creditors have received as much as they would have in a Chapter 7, and the plan cannot be modified. This is usually referred

1

to as a "hardship discharge." The statute does not appear to have been intended to deal with the death of the debtor, though some courts have interpreted death as a circumstance for which the debtor is not accountable and applied the statute. See, e.g., *In re Graham,* 63 B.R. 95 (Bkrtcy.E.D.Pa.1986).

The death of a debtor is specifically treated in Rule 1016 of the Federal Rules of Bankruptcy Procedure. Rule 1016 provides that if a Chapter 13 debtor dies the case may be dismissed or, if possible and in the best interest of the parties, the case may proceed as though the death had not occurred.

Assuming without deciding that the estate representative of a deceased debtor has standing to seek a discharge, the court first notes that the motion is contrary to Rule 1016. That rule provided for two outcomes when a Chapter 13 debtor dies, dismissal or proceeding as if the debtor had not died. The movants here seek a third outcome, early discharge. The ground for the motion is that the debtor has died, but Rule 1016 says that if the case is to continue it is supposed to proceed as though the death had not occurred.

The granting of a hardship discharge is a matter for exercise of the court's discretion. *In re Bandilli,* 231 B.R. 836, 838 (1st Cir. BAP 1999). The court must make its determination on the facts of each individual case. *In re Perkins,* 381 B.R. 530, 537 (Bkrtcy.S.D.Ill. 2007). The court finds that the facts in this case militate in favor of dismissal.

For several reasons, entry of a discharge is not fair in this case. First, it benefits Hennessy not at all. Second, it is by no means sure that Hennessy could have obtained a Chapter 7 discharge, as her income level would have created a problem under the means test. Third, the only beneficiaries of the motion are Hennessy's heirs, who are strangers to the court, are not entitled to a discharge, and who may for all the court knows be independently wealthy. Fourth, creditors who received nothing in the Chapter 13 will be precluded from making a claim in the probate proceedings, resulting in a windfall for the heirs. Fifth, three creditors who did not oppose avoidance of their liens because they thought

2

they would receive full payment through the plan will receive nothing if the motion is granted.[1] It is much more equitable to dismiss the case, as Rule 1016 permits.

Moreover, the court finds itself in complete agreement with *In re Shepherd,* 490 B.R. 338 (Bkrtcy.N.D.Ind. 2013), in which the bankruptcy court held that a Chapter 13 debtor who dies does not need a fresh start, payment of creditors of a deceased debtor should be accomplished through the probate process (*Id.* at 341) and, in any event, the right to seek a bankruptcy discharge is personal to the debtor and may not be exercised by the probate estate. *Id* at 342-43.

For the foregoing reasons, the motion for entry of a discharge will be denied and this Chapter 13 case will be dismissed. The court will enter an appropriate form of order.

Dated: July 29, 2013

Alan Jaroslovsky
Chief Bankruptcy Judge

---

[1] If the case is dismissed, the liens are revived pursuant to § 349(b)(1)(B).

3